UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

TIFFANI CURTIS,

    Plaintiff,

vs.

DELTA AIR LINES, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, TIFFANI CURTIS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, DELTA AIR LINES, INC., hereinafter ("Defendant") and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Five Hundred Thousand Dollars ($500,000.00), exclusive of attorneys' fees, interest, and costs; and therefore, this action is within the jurisdiction of this Court. This action is brought by the Plaintiff for declaratory and injunctive relief and damages pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, to redress injuries done to Plaintiff by the Defendant for discriminatory treatment on the basis of Plaintiff's on Disability and Retaliation.

1

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction).

3. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction), because the claims arise from the same case or controversy as the federal claims over which this Court has original jurisdiction.

4. Plaintiff, at all times relevant to this action, is a resident of Hillsborough County, Florida.

5. Defendant operated a business with one or more locations in Hillsborough County, Florida, where Plaintiff, at all times material hereto, performed work for Defendant.

6. Defendant was a "person" and/or "employer" pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the ADA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and it is subject to the employment discrimination provisions of the applicable statutes.

8. During the relevant times of this action, Plaintiff was an employee of Defendant, performing the duties of a Customer Experience Specialist in Hillsborough County, Florida.

9. Venue is proper in the Middle District of Florida because the acts or omissions giving rise to this complaint occurred in whole or in part in Hillsborough County, Florida, within the jurisdiction of this Honorable Cour

10. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency responsible for investigating

claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

11. Plaintiff received a Determination and Notice of Right to Sue letter from the EEOC on January 29, 2025. Plaintiff is now timely bringing suit.

12. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

13. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and has thus become obligated to provide them with a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff began employment with Defendant, Delta Air Lines, on or about March 7, 2022, as a Customer Experience Specialist.

15. Defendant is aware of Plaintiff's disabilities under the Americans with Disabilities Act (ADA) and has failed to provide effective and reasonable accommodations.

16. Due to her disabilities, Plaintiff was granted twelve weeks of leave under the Family and Medical Leave Act (FMLA). After exhausting her FMLA leave, she transitioned to Short-Term Disability (STD) on or about November 8, 2023. Plaintiff's STD was approved through December 2024. Plaintiff then transitioned to Long-Term Disability (LTD) leave on or about December 14, 2024.

17. Plaintiff returned to work on or about May 1, 2024, and worked for approximately forty-five days. Her last day of work was June 15, 2024. Plaintiff is currently on approved LTD leave through June 15, 2025.

18. Plaintiff informed her Team Lead, Defendant's Human Resources, and Defendant's ADA Coordinator that she did not feel comfortable returning to the Customer Experience Specialist position due to her disabilities and requested a transfer to a Messaging position as a reasonable accommodation.

19. Defendant initially engaged in the interactive process with Plaintiff. Plaintiff's physician submitted documentation indicating that Plaintiff was temporarily restricted from answering phone calls for six months and could work in a Messaging position. However, Defendant refused to assign Plaintiff to any available Messaging position, claiming none were available—even though a temporary Messaging role was later posted.

20. At the time of Plaintiff's accommodation request, Plaintiff's manager informed her that she was ineligible to apply for the Messaging position due to being on STD leave, despite Plaintiff's express desire to return to work and willingness to accept a reassignment.

21. On or about June 28, 2024, Plaintiff had an initial intake call with Defendant's Accommodations Manager. A follow-up conference call was held with the Accommodations Manager, Human Resources Manager, and a Call Center Manager.

22. During the call, Plaintiff was initially told by the Accommodations Manager that she did not need to disclose the specifics of her medical conditions. However, this changed when Plaintiff explained that answering calls was exacerbating her conditions.

23. Plaintiff explained that the calls triggered panic attacks, chest pains, and excessive sweating. The tone and nature of certain calls were harmful to her health. Plaintiff expressed that she enjoys working for Defendant and was seeking an accommodation that would allow her to maintain her employment and a healthy work-life balance.

24. Plaintiff's physician submitted medical documentation stating that a transfer to a Messaging position would reduce Plaintiff's callouts and better support her disability.

25. During the meeting, the Accommodations Manager instructed the Call Center Manager to read Plaintiff's original job description and asked if it was the position she agreed to upon hire. Plaintiff confirmed that it was.

26. Defendant informed Plaintiff that there were no available Messaging positions at the time but that she was welcome to apply if and when a vacancy became available. Defendant also offered to assist Plaintiff through its Employee Placement Assistance (EPA) program, which provides up to ninety days of support to help displaced employees find alternative positions within the company or suggested that she remain on STD leave.

27. Despite Defendant's claims that no positions were available, Defendant subsequently posted a temporary Messaging position. Plaintiff contacted both her manager and the Accommodations Department to express interest but received no timely response. Plaintiff applied independently but was not selected.

28. Defendant later claimed Plaintiff was ineligible due to her STD status. However, Delta's own accommodation program acknowledges that placement in alternative positions is a recognized accommodation, and Plaintiff was actively attempting to return to work.

29. Delta's position statement admits that Plaintiff's physician recommended the Messaging Unit, and that Plaintiff expressed interest in a posted temporary Messaging role. Defendant's refusal to allow her to fill the temporary Messaging position—despite its existence and Plaintiff's qualifications—demonstrates a failure to reasonably accommodate her disability.

30. A transfer to the Messaging position would not pose an undue hardship on Defendant and would constitute a lateral move. Plaintiff continuously monitored Delta's career portal for available positions. The only positions posted were a Temporary Messaging position and a Flight Attendant position. Plaintiff applied for both: the Temporary Messaging position in July 2024 and the Flight Attendant position on or about September 14, 2024, to demonstrate her good faith efforts to seek available employment opportunities. Plaintiff was not selected for either position. Although Plaintiff acknowledges that the physical demands of the Flight Attendant role may have been challenging given her condition, she applied to show her commitment and willingness to continue working. Despite Plaintiff's repeated efforts to secure a lateral transfer consistent with her restrictions, Defendant failed to engage in the interactive process or offer her a reasonable opportunity to return to work.

31. Defendant has failed to accommodate Plaintiff's disability in violation of the ADA.

32. Throughout Plaintiff employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory level.

33. Any reason proffered by Plaintiff employer for the adverse employment actions is mere pretext for unlawful discrimination.

34. Plaintiff has retained the undersigned counsel so that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
*Disability Discrimination in Violation of the ADA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 of this complaint as if set out in full herein.

36. Plaintiff is a member of a protected class under the ADA.

37. Plaintiff was regarded as having or know to have a disability by Defendant and Defendant's agents.

38. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

39. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a physical disability and/or perceived disability in violation of the ADA.

40. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

41. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

42. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

43. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

44. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

45. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

46. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the ADA*

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 of this Complaint as if set out in full herein.

48. Defendant is an employer as that term is used under the applicable statute referenced above.

49. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the ADA.

50. The foregoing unlawful acts by Defendant were purposeful.

51. Plaintiff engaged in a statutorily protected activity by reporting and complaining about harassment and/or discriminatory treatment the Plaintiff experienced during her employment with Defendant, and she was the victim of retaliation, thereafter, as related in part above.

52. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity, including requesting a reasonable accommodation and expressing interest in available positions that would not aggravate her disabilities and was the victim of retaliation thereafter. There is a causal connection between Plaintiff's engagement in the statutorily protected activity and the adverse employment actions taken thereafter, as

evidenced by the timing of events, Defendant's inconsistent explanations, and its failure to engage in a meaningful interactive process.

53. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

54. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein are in violation of the ADA.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation, and other forms of emotional distress damages.

C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position, with her full fringe benefits and seniority rights.

E. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

F. Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

G. Grant such other and further relief as the Court deems just and proper.

## **COUNT III**
### *Interference With Rights Under The FMLA*

55. Plaintiff re-adopts and incorporates paragraphs 1-34 of this Complaint as if set out in full herein.

56. Plaintiff is an individual entitled to protection under the FMLA.

57. Plaintiff is an employee within the meaning of the FMLA.

58. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

59. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

60. Defendant's actions constitute violations of the FMLA.

61. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Retaliation Under The FMLA*

62. Plaintiff re-adopts and incorporates paragraphs 1-34 of this Complaint as if set out in full herein.

63. Plaintiff is an individual entitled to protection under the FMLA.

64. Plaintiff is an employee within the meaning of the FMLA.

65. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

66. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

67. Defendant's actions constitute a violation of the FMLA.

68. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 28, 2025                                    Respectfully submitted,

/s/: *Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.
Fla. Bar No.: 0533637
***REMER, GEORGES-PIERRE, &***
***HOOGERWOERD, PLLC***
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone
**agp@rgph.law**