UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANI CURTIS,

    Plaintiff,

v.                                               Case No. 8:25-cv-1068-TPB-CPT

DELTA AIR LINES, INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for More Definite Statement," filed on July 28, 2025. (Doc. 20). On August 7, 2025, Plaintiff Tiffani Curtis filed a response in opposition to the motion. (Doc. 21). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

Plaintiff Tiffani Curtis began working for Defendant Delta Air Lines, Inc., as a customer experience specialist on March 7, 2022. She claims to suffer from unspecified disabilities and alleges that Defendant is aware of her disabilities and has failed to provide effective and reasonable accommodations. She alleges that she exhausted twelve weeks of leave under the Family and Medical Leave Act before

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Page 1 of 11

transitioning to short-term disability leave on November 8, 2023, and long-term disability leave on December 14, 2024. Plaintiff returned to work on May 1, 2024, and worked for approximately forty-five days before again utilizing long-term disability leave through June 15, 2025.

At some point, Plaintiff informed Defendant that she did not feel comfortable returning to the customer experience specialist position due to her disabilities and requested a transfer to a different position as a reasonable accommodation. Defendant initially engaged in an interactive process with Plaintiff, and she submitted medical documentation. However, according to Plaintiff, Defendant refused to assign her to any available messaging position, claiming that none were available even though a temporary messaging role was later posted. At the time of her request, Plaintiff's manager informed her that she was ineligible to apply for the messaging position because she was on leave.

Plaintiff had several conversations with Defendant, and she claims she provided an explanation that answering calls was exacerbating her medical conditions by triggering panic attacks, chest pains, and excessive sweating due to the tone and nature of certain customer calls. Defendant informed her that there were no available messaging positions, but that she was welcome to apply if and when a vacancy became available. Defendant offered to assist Plaintiff through its employee placement assistance program, which provides up to ninety days of support to help displaced employees find alternative positions within the company. Defendant also suggested that Plaintiff remain on disability leave.

Plaintiff claims that a temporary messaging position was later posted, and she contacted Defendant to express interest but received no response. Plaintiff applied for the position independently but was not selected. Plaintiff also applied for a flight attendant position to demonstrate her "good faith efforts to seek available employment opportunities." She claims that despite her repeated efforts to secure a lateral transfer consistent with her restrictions, Defendant failed to engage in the interactive process or offer her a reasonable opportunity to return tow work.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations against Defendant alleging employment discrimination. On January 29, 2025, the EEOC issued Plaintiff a right to sue letter.

On April 29, 2025, Plaintiff filed the instant lawsuit, asserting four claims for relief: disability discrimination under the Americans with Disabilities Act ("ADA") (Count I), ADA retaliation (Count II), FMLA interference (Count III), and FMLA retaliation (Count IV). Defendant has moved to dismiss the complaint, or alternatively, for a more definite statement.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendant moves to dismiss each count of the complaint, arguing that Plaintiff has failed to sufficiently allege disability discrimination and retaliation claims, and because she has failed to exhaust her administrative remedies as to her ADA retaliation claim.

### *Disability Discrimination Claim (Count I)*

Defendant seeks dismissal of Plaintiff's disability discrimination claim in Count I. The ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to job applications, procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. §12112(a).

To state a prima facie claim of disability discrimination under the ADA, a plaintiff must show that she (1) is disabled; (2) is a qualified individual; and (3) was discriminated against because of her disability. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000). Although a plaintiff need not plead a prima facie case to survive a motion to dismiss, she must allege sufficient facts to plausibly suggest intentional discrimination. *See, e.g., Booth v. City of Roswell*, 754 F. App'x 834, 836-37 (11th Cir. 2018).

Defendant first argues that Plaintiff's discrimination claim should be dismissed because Plaintiff has failed to allege sufficient facts that show she was disabled or being perceived as disabled. The Court agrees. It is unclear from the complaint what disability Plaintiff is alleging, and whether Defendant ever believed her to have a disability. "[A] plaintiff is considered disabled if [she] has '(A) a physical or mental impairment that substantially limits one or more of the major life activities…; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment.'" *New v. City of Ormond Beach*, No. 6:17-cv-66-Orl-31TBS, 2017 WL 1251575, at *2 (M.D. Fla. April 5, 2017). Major life activities include, among other things, "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* (citing 29 C.F.R. § 1630.2(i)). Plaintiff must allege sufficient factual material that, if true, would show she was disabled or perceived as disabled. She has not done so. The motion to dismiss is therefore granted as to this ground, and Count I is dismissed without prejudice, with leave to amend to cure the identified deficiencies.

Defendant next argues that Plaintiff fails to allege facts that suggest she was a "qualified individual" within the meaning of the ADA for her current job or for the lateral transfer messaging role she sought. Plaintiff asserts that "she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory level." *See* (Doc. 1 at ¶ 32). Plaintiff therefore sufficiently alleges that she was a qualified individual for her current job. However, Plaintiff does not allege that she was a qualified individual for either the messaging role or for the flight attendant role.[2] The motion to dismiss is therefore granted in part and denied in part as to this ground.

Defendant additionally argues that Plaintiff's discrimination claim should be dismissed because Plaintiff has failed to and cannot identify any adverse employment action. The Eleventh Circuit has held that the denial of a transfer could qualify as an adverse employment action. *See Jefferson v. Sewon America, Inc.*, 891 F.3d 911, 921 (11th Cir. 2018). Certainly, Plaintiff will need to eventually present evidence to demonstrate that the denial of her requested lateral transfer constitutes an adverse employment action, but at this stage of the proceedings, she has done enough. The motion to dismiss it therefore denied as to this ground.

The Court does not address Defendant's disparate treatment argument because it does not appear, based on the complaint, that Plaintiff is pursuing a discrimination claim based on a disparate impact theory. If the Court is mistaken, however, Plaintiff should clarify this point in her amended complaint.

---

[2] In fact, Plaintiff appears to admit that she was not qualified for the flight attendant role because "the physical demands of the . . . role may have been challenging given her condition." *See* (Doc. 1 at ¶ 30).

The Court finally notes that as pleaded, it appears that Count I is intended to be a disability discrimination claim rather than a failure to accommodate claim. This is important because these kinds of claims have different elements. If Plaintiff intended to pursue a failure to accommodate claim, she should clarify that in her amended complaint.

*ADA Retaliation (Count II)*

Defendant seeks dismissal of Plaintiff's retaliation claim in Count II for failure to exhaust administrative remedies and for failure to state a claim.

<u>Failure to Exhaust Administrative Remedies</u>

Before filing suit for an ADA violation, a plaintiff must first exhaust her administrative remedies, most notably by filing a charge of discrimination with the EEOC and receiving a notice of right to sue letter. *See Batson v. Salvation Army*, 897 F.3d 1320, 1328 (11th Cir. 2018). It is well-settled that a plaintiff's claims in litigation are limited to claims that were presented to the EEOC. *See Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000). Therefore, "the permissible scope of a judicial complaint alleging discrimination is the administrative charge and investigation." *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010). Civil complaints cannot be based on entirely new acts of discrimination or retaliation that were not raised to the agency. *Thomas v. Miami Date Pub. Health Tr.*, 369 F. App'x 19, 22 (11th Cir. 2010).

In the complaint, Plaintiff alleges that all conditions precedent have been satisfied. This claim is sufficient at this juncture. That being said, the Court notes that it is not making any determination as to the validity of this assertion – it is

simply accepting Plaintiff's allegation as true, which it must do at this stage of the proceedings. The motion is therefore denied as to this ground, but this issue may be raised again at summary judgment.

Failure to State a Claim

To state an ADA retaliation claim, a plaintiff must allege and prove: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) that there is a causal connection between the protected conduct and adverse action. *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998). Plaintiff does not sufficiently allege that she suffered an adverse employment action or that there is a causal connection between the protected conduct and adverse action.

Defendant first argues that Plaintiff fails to identify any adverse employment action. It appears that Plaintiff claims she was retaliated against for requesting an accommodation by having her accommodation request denied. But the denial of an accommodation request cannot constitute an adverse employment action for purposes of a retaliation claim based on that accommodation request. *See Fails v. Board of Trustees University of West Florida*, No. 3:22cv7026-TKW-HTC, 2023 WL 5666438, at *10 (N.D. Fla. Sept. 1, 2023) (explaining that the denial of benefits cannot constitute retaliation for requesting those benefits and noting that "a failure to provide reasonable accommodations under the ADA is a direct discrimination claim, not a retaliation claim.").

In addition, Plaintiff does not plausibly suggest causation because she fails to include sufficient factual material – that is, she fails to identify when, to whom, and

how she allegedly lodged reports and complaints about harassment and/or discriminatory treatment. Temporal specification is integral to retaliation claims. The motion to dismiss is therefore granted as to this ground, and Count II is dismissed without prejudice. Plaintiff may file an amended complaint to cure these deficiencies, if she may do so in good faith.

*FMLA Interference (Count III)*

Defendant seeks dismissal of Plaintiff's FMLA interference claim in Count III for failure to state a claim. The FMLA provides that any eligible employee who takes leave is entitled, upon her return, to be "restored by the employer to the position of employment held by the employee when the leave commenced" or "restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1). To state a cognizable FMLA interference claim, an employee must plead sufficient facts that demonstrate that her "employer denied or otherwise interfered with [her] substantive rights under the Act." *See Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001).

In the complaint, Plaintiff alleges that she took her full FMLA leave before returning to work. Although she may wish to transfer positions, the FMLA does not appear to require such a transfer. *See, e.g., Yoosun Han v. Emory Univ.*, 658 F. App'x 543, 547 (11th Cir. 2016) (explaining that the FMLA does not require reasonable accommodations, and that "FMLA leave provisions are wholly distinct from the reasonable accommodation employers are obligated to provide under the [ADA]"). Plaintiff therefore fails to state a viable FMLA interference claim, and the motion to

dismiss is granted as to this ground. In an abundance of caution, because the Court is permitting leave to amend as to other claims, the Court will grant leave to amend as to Count III, if Plaintiff may do so in good faith, but Plaintiff is encouraged to make doubly sure this theory of recovery is viable under the facts presented.

### *FMLA Retaliation (Count IV)*

Defendant finally seeks dismissal of Plaintiff's FMLA retaliation claim in Count IV for failure to state a claim. To state a retaliation claim, an employee must allege that: "(1) [she] engaged in a statutorily protected activity [by the FMLA]; (2) [she] suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Strickland*, 239 F.3d at 1207.

Plaintiff does not plausibly state a viable claim for FMLA retaliation. Similarly to her ADA retaliation claim, she fails to include sufficient factual material – that is, she fails to identify when, to whom, and how she allegedly lodged reports and complaints, and temporal specification is integral to retaliation claims.

More significantly, as a matter of law, an employee does not engage in protected activity under the FMLA when she asked to return to work with an ADA reasonable accommodation. *Brown v. Montgomery Surgical Center*, No. 2:12-cv-553-WKW, 2013 WL 1163427, at *6 (M.D. Ala. Mar. 20, 2013). To be clear – the right to reinstatement with a reasonable accommodation is not a right protected under the FMLA, and Plaintiff cannot rely on this theory to support a claim for FMLA retaliation. *See id.* Consequently, to the extent that Plaintiff's claim is predicated upon an FMLA right to return to work with a reasonable accommodation, her claim fails. But once again, because the Court is permitting leave to amend as to other claims, in an abundance of

caution, the Court will grant leave to amend as to Count IV, if Plaintiff may do so in good faith.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for More Definite Statement" (Doc. 20) is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

2) The motion is **GRANTED** to the extent that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3) The motion is otherwise **DENIED**.

4) Plaintiff is directed to file an amended complaint on or before September 11, 2025. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of August, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE